## Ed. C. Smith Furniture Company, Appellee, v. Peter & Volz, Appellants.

## Gen. No. 21,854.    (Not to be reported in full.)

Appeal from the County Court of Cook county; the Hon. J. J. COOKE, Judge, presiding. Heard in this court at the October term, 1915. Affirmed. Opinion filed April 18, 1917. Rehearing denied May 3, 1917.

### Statement of the Case.

Action by Ed. C. Smith Furniture Company, plaintiff, against Peter & Volz, defendants, to recover damages for breach of contract for the exclusive agency for the sale of defendants' school furniture in Harris county, Texas. From a judgment for plaintiff for $274, defendants appeal.

WALLACE E. SHIRRA, for appellants.

GUSTAV E. BEERLY, for appellee.

MR. JUSTICE GOODWIN delivered the opinion of the court.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

Ed. C. Smith Furniture Co. v. Peter & Volz, 205 Ill. App. 379.

## Abstract of the Decision.

1. PRINCIPAL AND AGENT—*what is competent evidence of knowledge by principal of invasion of exclusive territory.* In an action to recover damages for breach of a contract giving plaintiff exclusive agency for the sale of defendants' goods in a certain territory, a telegram by plaintiff to defendants stating that a certain party was selling samples of the goods in such territory and that plaintiff would expect protection, *held* to be competent evidence that defendants had notice of the activities of such party.

2. DAMAGES, § 66*—*what is measure of for breach of contract for exclusive agency.* In an action to recover damages for breach of a contract giving plaintiff the exclusive agency for the sale of defendants' goods in a certain territory, the value of the contracts lost to plaintiff by the breach, *held* to be the measure of damages.

3. INSTRUCTIONS, § 98*—*when proper on weight given testimony of interested party.* An instruction that in weighing the testimony of one of the parties to the action the jury have the right to take into consideration the fact that he was a party to and interested in the result of the action, *held* proper where the other party to the action had not testified.

4. PRINCIPAL AND AGENT—*what constitutes binding contract of exclusive agency for sale of goods.* An offer by plaintiff to sell defendants' goods if given an exclusive agency for a certain territory and defendants' written acceptance of such offer, and the purchase by plaintiff of such goods and plaintiff's efforts in promoting their sale, *held* to create a binding and enforceable contract, in an action to recover damages for a breach of such contract.

5. DAMAGES, § 179*—*what is competent evidence in action by agent for breach of contract of exclusive agency.* In an action to recover damages for the breach of a contract giving plaintiff the exclusive agency for the sale of defendants' goods in a certain territory, the price lists of defendants, the amount of plaintiff's bid on a certain prospective sale of such goods, and a computation as to the net cost of their delivery on such sale, *held* competent evidence and a proper basis for computing plaintiff's damages.

6. EVIDENCE, § 128*—*when copy of telegram is admissible.* A copy of a telegram is admissible upon accounting for the destruction of the original telegram.

7. EVIDENCE, § 114*—*what is best evidence of contents of telegram.* The original telegram filed with a telegraph company is the best evidence of its contents.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.